IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES FRAZIER,

                      Petitioner,

OPINION AND ORDER

21-cv-528-bbc

    v.

BUREAU OF PRISONS,
RRM KANSAS CITY,
RESIDENTIAL REENTRY OFFICE,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In November 2007, this court sentenced James Frazier to 360 months' imprisonment in Case No. 06-CR-221. Frazier, now residing in a halfway house in Iowa, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. #1. (Although petitioner has not named a respondent, he remains in the custody of the Bureau of Prisons, which I have designated as the respondent. 28 U.S.C. § 2242 (habeas corpus application shall allege the name of the person having custody over him).) I will dismiss his petition without prejudice for the reasons explained, below.

1

OPINION

Petitioner contends that the Bureau of Prisons has failed to provide him 90 days' of good time credit for completing a drug treatment program while he was incarcerated at the federal prison in Oxford, Wisconsin. Petitioner contends that he is entitled to this credit under the First Step Act of 2018. (For purposes of this order, I will assume that if he is granted such credit, it will affect the duration of his custody by reducing his term of confinement in the halfway house, although that is not clear from the petition.)

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenges to the administration or computation of a sentence. See Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir. 2000); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). However, this court cannot hear this petition, for two reasons.

First, a petitioner may obtain relief under § 2241 only after he exhausts his administrative remedies. Carnine, 974 F.2d at 927. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989). Where, as here, a petitioner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors. Ramirez v. Zuercher, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008).

2

Petitioner acknowledges in his petition that he did not present his challenge to the computation of his good time credits to the BOP. Dkt. # 1, at 8. Petitioner must do so before petitioning the federal court for relief.

Second, a § 2241 habeas petition is properly lodged against "the person who has custody" over the petitioner. 28 U.S.C. § 2242; id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In "core" habeas cases—those in which the prisoner challenges his present physical confinement—the person who has custody of a prisoner will be the warden of the prison in which the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Moreover, the named custodian must reside within the geographical confines of the federal district where the petition is filed. Id. at 426.

In this case, petitioner is no longer in prison, but is in custody in a residential reentry center (also known as a halfway house) in Iowa. According to the Bureau of Prisons' inmate locator, petitioner's custodian is the Residential Reentry Management (RRM) field office in Kansas City. See www.bop.gov/inmateloc/ (visited Oct. 5, 2021). Because Kansas City lies outside this court's jurisdiction, this court could not grant the writ even if petitioner had exhausted his administrative remedies. If petitioner wishes to refile his § 2241 petition after exhausting his administrative remedies, he should file his writ in the federal district court where his custodian is located.

ORDER

IT IS ORDERED that:

1. James Frazier's petition for a writ of habeas corpus under 28 U.S.C. § 2241, dkt. 1, is DISMISSED WITHOUT PREJUDICE.

2. Petitioner's request for the appointment of counsel, dkt. 2, is DENIED as moot.

3. No certificate of appealability shall issue.

Entered this 6th day of October, 2021.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge